# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2011

No. 11-50103
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS JONES,

Defendant-Appellant

Consolidated with No. 11-50104

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS CHRISTOPHER JONES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-198-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

No. 11-50103
c/w No. 11-50104

PER CURIAM:[*]

Douglas Christopher Jones appeals the 110-month within-guidelines sentence he received after he pleaded guilty to possession of more than five grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  He also appeals the 10-month revocation sentence, ordered to be served consecutively to the 110-month sentence, that the district court imposed after it revoked a supervised release term he was serving.

Jones argues that his 110-month sentence, which included an adjustment based on the career offender Guideline, was substantively unreasonable because it was greater than necessary to meet 18 U.S.C. § 3553(a)'s sentencing goals. Jones posits that the career offender Guideline fails to account for his individual's circumstances, which include that he is a committed husband and father.  The court sentenced Jones at the bottom of the range of 110 to 137 months, which represented a six-level downward departure.  Jones asked for a sentence at the bottom of the range.  The record demonstrates that the district court considered Jones's arguments and the § 3553(a) factors and made an individualized assessment in imposing a properly calculated guidelines range sentence.  Accordingly, Jones has failed to show that the district court committed any error, whether under an abuse of discretion or plain error standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

Jones argues that the 10-month sentence he received after his supervised release was revoked is "plainly unreasonable" because it was imposed to run consecutively to the 110-month sentence.  Because Jones did not object, review is limited to plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50103
c/w No. 11-50104

Cir. 2009).  Jones fails to show that the district court plainly erred when it imposed a consecutive below-guidelines sentence.  *See* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f).

AFFIRMED.